BAYARD R. KRAFT, executor under the last will and testament of Carrie M. MacFerren, deceased, complainant-appellant,

*v.*

THOMAS CAMPBELL FASSITT, individually and as co-executor of the estate of Lizzie A. Wright, deceased, et al., defendants-respondents.

[Submitted May term, 1942. Decided October 22d, 1942.]

*Mr. Grover C. Richman,* for the complainant-appellant.

*Mr. George M. Stevens,* for Lewis T. Stevens.

*Mr. Carl J. Geiges,* for Nellie Patterson.

The opinion of the court was delivered by

BODINE, J.

The appeal is from an order dismissing a bill in partition. The learned advisory master, in his opinion, first points out that the bill was dismissed upon counsel's own motion. However, the correspondence indicates that he had no choice in the matter. The statute subsequently referred to is treated as unconstitutional. It has been unquestioned before and its existence upon the statute books for nearly a half century entitled it to some consideration. Further, there is no limitation upon the power of the legislature, so far as we know, to provide for the sale of lands which may not be partitioned. The statute in question seems clear and unimpeachable. The common law may not be invoked to defeat changes deemed necessary by our legislature.

The statute (*N. J. S. A. 2:71-1*) provides as follows:

"An executor or administrator with the will annexed, having, by the terms of the testator's will, power to sell any undivided interest in any real estate of which his testator died seized, shall have the same power to bring an action to effect a partition of such real estate, in any court, as such testator might have brought if living, and co-tenant as used in this chapter shall include such an executor or administrator so far as may be requisite for such purpose."

Appellant's power of sale under the last will and testament of Carrie M. MacFerren was as follows:

"Lastly: I hereby nominate, constitute and appoint Bayard R. Kraft, of West Collingswood, Camden County, New Jersey, the Executor of this my last Will and Testament, without his being obligated to give bond or security in any jurisdiction whatever, with full power and authority to lease, mortgage, convey or sell any and all real estate that I may own, at either public or private sale, and upon such terms and conditions as he may determine, and give proper instrument or instruments in the law therefor, and I do hereby relieve the lessee or lessees, mortgagee or mortgagees, purchaser or purchasers thereof from any liability or responsibility as to the application or appropriations of any moneys paid by them to said Executor, his successor or successors  *  *  *."

Of course, where there is no reason for the exercise of the power, partition does not lie. In *Walsh* v. *Dunn, 46 Atl. Rep. 592,* partition was denied when the purpose for which the power had been given had been accomplished and testator's sons, of full age, had given a deed for their inheritance.

The bill, in the present case, recites that one Lizzie A. Wright died March 24th, 1932, seized in fee-simple of two tracts of land in Atlantic City which, under the residuary clause of her will, passed to her sisters, Mrs. MacFerren and Mrs. Veile; a brother, Robert C. Pyle, Jr.; a niece, Florence C. Bainbridge; a daughter of a deceased sister; a nephew, Thomas Campbell Fassitt, the son of a deceased sister; and to a niece and nephew, the children of a deceased brother.

Mrs. MacFerren died December 28th, 1939, a resident of Camden County, and her will was duly probated January 9th, 1941, and letters testamentary were issued to the appellant. The residuary legatee named in the will was one Nellie Patterson. She is unmarried and of full age. She answered,

joining in the prayer of the bill for partition, so there is no question as to whether she desired to take the property devised.

The undivided interest of Mrs. Veile, as one of the tenants in common, was previously sold on execution sale to Lewis T. Stevens.

Some of the heirs of Mrs. Wright have expended large sums of money in excess of the income received from the property, for taxes, water rents and insurance duly charged. Stevens, the vendee at the execution sale, has made no such contribution. The bill seeks to have the proportionate share of such payments paid out of his share of the moneys realized, if actual partition cannot be made, and it seems that it cannot. Stevens did not deny that such charges were made, but pleads no knowledge thereof. There was an order of publication against the non-resident defendants. Service thereof was effected as required by law. None of the defendants were engaged in the military service of the United States.

This case seems ripe for a reference. The statute confers the right upon the executor vested with such a power to partition. The power of sale in this case was effective against the residuary legatee—*Hatt* v. *Rich, 59 N. J. Eq. 492*—unless all the debts being paid she had elected to take her estate. But this she did not want to do because she answered and prayed for the partition, and indeed such course was necessary if the execution creditor of a portion of the estate was to account from his share for the expenses incurred in payment of taxes and other charges beyond the income received.

For cases dealing with sales under a power under a will see *Bolton* v. *Stretch, 30 N. J. Eq. 536; Cronan* v. *Coll, 69 N. J. Eq. 694; Weber* v. *Waldeck, 71 N. J. Eq. 56; Magie* v. *Kirkpatrick, 92 N. J. Eq. 386; Brengel* v. *O'Toole, 102 N. J. Eq. 178; Satchwell* v. *Warner, 127 N. J. Eq. 544; Beck* v. *Dennis, 128 N. J. Eq. 128.*

The order is reversed, but without costs.

*For affirmance*—HEHER, WELLS, RAFFERTY, THOMPSON, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, DEAR, HAGUE, JJ. 10.